UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MERCEDEE LEVIAS, ET AL.** | : | **CASE NO. 2:21-CV-2628** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., ET AL.** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a Motion to Remand filed by plaintiffs Mercedee Levias and Quentin Levias (collectively, "plaintiffs"). Doc. 7. The motion is opposed by defendants United Financial Casualty Co. ("United Financial") and Progressive Security Insurance Company ("Progressive") (collectively, "defendants"). Doc. 10. Following reply by plaintiffs to the opposition [doc. 11], the matter is now ripe for determination.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the foregoing reasons, **IT IS RECOMMENDED** that plaintiffs' Motion to Remand [doc. 7] be **DENIED**.

### I.
#### BACKGROUND

Plaintiffs filed this lawsuit on June 4, 2020, in the 14th Judicial District Court, Calcasieu Parish, for damages arising from a motor vehicle accident. Doc. 1, att. 1, p. 5. Plaintiffs named multiple defendants including Caleb Murry, a citizen of Louisiana ("Murry") and his insurer, State

Farm Mutual Automobile Insurance Company ("State Farm").[1] *Id*. At some point in the litigation, the claims against both State Farm and Murry were settled and a Motion for Partial Dismissal in accordance with that settlement was filed on May 11, 2021. *Id*. at att. 4. On May 13, 2021, the state court entered a partial dismissal order dismissing State Farm and Murry, which eliminated the only in-state defendant from the suit and created complete diversity of citizenship among the parties. *Id*. Copy of the Motion for Partial Dismissal was not sent to United Financial or Progressive as required by law.

On August 19, 2021, over one year after the commencement of the action in state court, United Financial and Progressive removed the matter to this court, claiming that the remaining defendants are completely diverse from plaintiffs and the amount in controversy exceeds $75,000. Doc. 1. Defendants admit that their removal occurs outside of the one-year bar set out in 28 U.S.C. § 1446(c)(1) but claim that it is nonetheless timely because the bad faith exception applies. *Id*. at pp. 8-9. Specifically, defendants claim that plaintiffs acted in bad faith to prevent them from removing because they failed to serve or otherwise notify defendants that the non-diverse defendant had been dismissed before the one-year bar expired. Defendants state that they were only made aware of the dismissal when they contacted counsel for State Farm on July 20, 2021, and counsel for State Farm subsequently emailed defendants a copy of the Motion and Judgment of Partial Dismissal. *Id*. Defendants state that as of the date of filing of the Notice of Removal, plaintiffs had still not served or provided them with the Motion and Judgment of Partial Dismissal. *Id*. at p. 9. They claim that had plaintiffs properly served or notified them of the dismissal, they would have timely removed this matter within the one-year period. *Id*.

---

[1] All initially named defendants besides United Financial and Progressive have since been dismissed from this action.

Plaintiffs filed a timely Motion to Remand, claiming that removal is untimely because it occurred outside of the one-year bar, and they did not act in bad faith to prevent defendants from removing. Doc. 7. In addressing defendants' claims that they did not receive notice of the dismissal, plaintiffs argue that State Farm, not plaintiffs, was responsible for serving the motion on defendants because State Farm prepared and filed the motion. Doc. 7, att. 1, pp. 3-4. They attach a "Dismissal Cost Worksheet" which indicates that counsel for State Farm filed the Motion for Dismissal. *Id*. at att. 2. Plaintiffs also note that defendants should have received notice from the court of the judgment of dismissal because (1) the court is required to mail such notice under Louisiana Code of Civil Procedure arts. 1913 and 1914 and/or (2) defendants filed a "Request for Notice of Signing of Judgment and Order." *Id*. at att. 1, pp. 4-5. Plaintiffs also argue that the judgment was readily available to the defendants for one month prior to the one-year deadline via the court's electronic records. *Id*. at p. 5. Plaintiffs do not deny that the parties are completely diverse or that the amount in controversy exceeds the jurisdictional minimum.

In opposition, defendants argue that plaintiffs' failure to serve or notify them of the dismissal of the non-diverse defendant amounts to bad faith under 28 U.S.C. § 1446(c)(1) and should prevent remand. Doc. 10. Defendants claim that Louisiana Code of Civil Procedure art. 1313 requires a party to circulate filed pleadings to all counsel of record. They argue that plaintiffs were not relieved of that obligation simply because they did not prepare the motion – it was their own motion as evidenced by the motion itself.[2] *Id*. at pp. 4-5.  Although not raised by the defendants, we further note that a voluntary dismissal under La. C.C.P. art. 1671 ***must*** be made by ***motion of the plaintiff***. *Dahan Novelties & Co., LLC*, 2010-0626, p. 8, 51 So. 3d at 135 (emphasis

---

[2] The motion reads "[o]n motion of plaintiffs, Quentin Levias and Mercedee C. Levias . . ." and is signed as "submitted by" plaintiff's counsel. *Id.*

ours). Thus, the instant dismissal of State Farm and Murry could not have occurred without motion by the plaintiffs.

Defendants claim that they had no reason to check the state court's electronic docket for the judgment because plaintiffs had an obligation to serve defendants with the motion and order and because they filed a Request for Signing of Judgment and Order. *Id*. at p. 6. Finally, they state that upon inquiry, the clerk's office informed defendants that they did not serve defendants with the motion and order because service was not requested upon filing. *Id*. at p. 7. They argue that plaintiffs had a responsibility to serve the motion and order "[b]ut Plaintiffs were motivated to keep this information form [*sic*] Defendants because Plaintiffs knew this information would cause Defendants to rightfully remove this case to federal court." *Id.*

In reply, plaintiffs categorize defendants' opposition as containing "serious allegations" and in defense of its argument against bad faith, note that the dismissal was filed an entire month before the one-year mark. Doc. 11, pp. 1-2. They further argue that defendants' allegations of bad faith "would have required Plaintiffs, State Farm, and the State Court to conspire in tandem to hide the dismissal from the other Defendants." *Id*. at p. 1. Also in their reply, plaintiffs request leave to submit affidavits from State Farm and plaintiffs' counsel as evidence that the failure to serve defendants was not intentional. *Id*. at p. 2.

## II.
### LAW & ANALYSIS

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 29 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The

removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

Generally, a defendant must file a notice of removal within 30 days from the time the defendant receives an "initial pleading setting forth the claim for relief ...." 28 U.S.C. § 1446(b)(1). When the initial pleadings do not provide grounds for removal, defendants may remove the action "within 30 days after receipt ... of an amended pleading, motion, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (2013). In all cases based on diversity jurisdiction, an action may not be removed more than one year from its commencement unless the district court finds that the plaintiff acted in bad faith in order to prevent removal. 28 U.S.C. § 1446(c)(1) (2013).

In order to determine whether a plaintiff has acted in bad faith to prevent removal, "the question is what motivated the plaintiff *in the past*—that is, whether the plaintiff's litigation conduct meant 'to prevent a defendant from removing the action.' " *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 293 (5th Cir. 2019) (emphasis in original ) (citing 28 U.S.C. § 1446(c)(1)). "The determination of bad faith is left to the discretion of the district court, but 'the exception to the bar of removal after one year is limited in scope.' " *Rantz v. Shield Coat, Inc*., Civ. No. 17-3338, 2017 WL 3188415, *5, (E.D. La. 7/26/2017)(citing *Bryson v. Wells Fargo Bank, N.A.*, Civ. No. 1:16-cv-28, 2016 WL 1305846, *4 (E.D. Tex. 3/31/2016)). "A finding of bad faith requires a 'transparent attempt to circumvent federal jurisdiction.'" *James v.* Whitney, Civ. No. 20-0203, 2021 WL 3044149, at *2 (W.D. La. 7/19/2021) (quoting *H & E Equip. Servs., Inc. v. URS Corp. Architecture, P.C.*, Civ. No. 18-690, 2018 WL 7625357, *3 (M.D. La. 12/21/2018)). "While there is no succinct Fifth Circuit standard for bad faith under § 1446(c)(1), courts within the Fifth Circuit generally focus on whether or not the removing party demonstrates conduct by the plaintiff

amounting to a manipulation of the removal statute." *Antie v. McBain*, No. 6:21-cv-01460, 2021 WL 4244554, *2 (W.D. La. 8/11/2021) (citing *Rantz*, 2017 WL 3188415 at * 5). The burden of showing that plaintiff acted in bad faith to prevent removal lies with the removing defendant. *See De Aguilar,* 47 F.3d at 1408.

Louisiana Code of Civil Procedure art. 1312 requires that, other than in certain excepted situations not applicable here, "every pleading subsequent to the original petition shall be served on the adverse party as provided by Article 1313 or 1314, whichever is applicable." Louisiana Code of Civil Procedure art. 1313(A) provides that service of most post-petition pleadings may be accomplished by delivering, mailing, or sending by electronic means a copy to the adverse party or their counsel of record. When service is made by mail, delivery, or electronic means, the party or counsel making the service is required to file in the record a certificate of the manner in which service was made. La. Code Civ. Proc. art. 1313(B). The purpose of the service requirements is to fulfill the constitutional requirements of due process notice. *Adair Asset Management, LLC/US Bank v. Honey Bear Lodge, Inc*., 138 So. 3d 6, 12 (La. App. 1 Cir. 2014) (citing *Mullane v. Central Hanover Bank & Trust Co*., 70 S. Ct. 652 (1950)). Due process requires that an adverse party receive fair notice of the content of every pleading and of the action requested. *Butler v. Boutan*, No. 2013 cw 0260R, 2013 WL 12121286, *2 (La. App. 1 Cir. 12/5/2013).

There is no dispute that defendants were not served with the motion and order as required by law. Plaintiffs deprived defendants of the due process they were entitled to receive prior to the expiration of their (defendants') right to remove to federal court. We give no consideration to plaintiffs' attempt to shift the blame for their failure to provide that due process. It is engrained in the fiber of every practicing attorney that he or she is obligated to provide fair notice to an opposing party of any pleading filed by him or her. Whatever the cause for counsel's failure to provide

notice in this case—whether sheer negligence or the hope that the one-year limitation on removal would run before defendants learned of the dismissals—the result is the same: the one year removal window closed without defendants becoming aware of the dismissal of a non-diverse defendant. Even if unintentional, this failure of notice deprived defendants of due process and therefore must be deemed a transparent attempt to circumvent federal jurisdiction, in the absence of some other indication of a good faith attempt to notify defendants.

Plaintiffs request leave to submit affidavits from plaintiffs' counsel and counsel for State Farm as evidence that the failure to serve was not intentional, but we decline such a request. We need no affidavit from counsel for State Farm – it was not the obligation of State Farm Counsel to notify as it was not the moving party.[3] We assume an affidavit by plaintiff's counsel would not suggest she had no obligation to provide notice and if it did then we would ignore it as clearly contrary to law. We would look dubiously at any claim by counsel for plaintiff that her failure to provide notice of her motion was inadvertent or by mistake given its clear necessity and the proximity of the filing to the lapse of the one year bar for removal. It would also cause us to question when or where in any previous motion filed by her ever did she, or more probably, her staff fail to perform that rote function of providing notice to the defendant. We simply never see a motion filed where the requisite certification of service is absent and we cannot, therefore, find that this was inadvertent. Finally, we cannot see how inadvertence on her part – if inadvertence it was – can serve to deprive these defendants of the due process they deserved.[4]

---

[3] For the same reason we reject plaintiff's argument that in order for defendants to prove bad faith "would have required Plaintiffs, State Farm, and the State Court to conspire in tandem to hide the dismissal from the other Defendants." Doc. 11, p. 1. We need find no conspiracy. Only plaintiffs had the obligation to notify.

[4] We recognize that this dispute involves very similar facts to that of *Jones v. Ramos Trinidad*, 380 F.Supp. 3d 516 (E.D. La. 2019). However we note that the court there did not consider the due process ramifications of plaintiff's failure to notify and do not find it to be persuasive.

## III.
### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that plaintiffs' Motion to Remand [doc. 7] be **DENIED**.

Under the provisions of 28 U.S.C. §636 and Fed. R. Civ. Proc. 72, parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

THUS DONE AND SIGNED in Chambers this 29th day of June, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE